UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ADAM LISK,<br><br>　　　　Defendant. | Case No.: 3:18-CV-00588-LRH-CLB<br><br>**ORDER** |

　　　Plaintiff Raymond Max Snyder ("Snyder") initiated this action with the Court and served Defendant Adam Lisk ("Lisk") on January 17, 2019 (ECF No. 3).  Despite this fact, Lisk has failed to appear, defend, or respond in this case.  On May 30, 2019, the court clerk entered default against Lisk (ECF No. 7).

**Default Judgment**

　　　Federal Rule of Civil Procedure 55(b)(1) permits the clerk to enter judgment if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

///

///

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend. After entry of default, the complaint's factual allegations are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The court may require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate. *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1113 (D. Nev. 2017).

The clerk is not permitted to enter judgment based on the default (ECF No. 7), because Snyder has not filed a declaration proving a sum certain or a sum that can be made certain by computation in accordance with FRCP 55(b)(1). Therefore, the Court requires additional proof of damages and finds that Snyder must move this Court to enter default judgment pursuant to FRCP 55(b)(a).

**Dismissal For Want of Prosecution**

Local Rule 41-1 provides as follows:

> "All civil actions that have been pending in this court for more than two hundred seventy (270) days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the court."

This action has now been pending with the Court for **418 days** without any proceeding having been taken during such period.

**IT IS THEREFORE ORDERED** that Snyder shall file a motion for default judgment in accordance with FRCP 55(b)(2) on or before **April 29, 2022**.

**IT IS FURTHER ORDERED** if no action is taken in this case by **April 29, 2022**, the Court shall enter an order of dismissal for want of prosecution and close this case.

**IT IS FURTHER ORDERED** that the clerk of the court shall mail a copy of this order to Snyder as follows: **Raymond Max Snyder, P.O. Box 69, Aurora, Utah 84620**.

**IT IS SO ORDERED.**

DATED: March 16, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE